# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS ANDERSON, CDCR #T-71542,<br><br>Plaintiff,<br><br>vs.<br><br>CALIPATRIA UCC CLASSIFICATION; CAPT. WITMAN; WARDEN JANA,<br><br>Defendants. | Civil No.   13cv0117 MMA (WVG)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

Cornelius Anderson ("Plaintiff"), currently incarcerated at Calipatria State Prison and proceeding pro se, has filed a document entitled "Pro Se Application for Temporary Restraining Order [and] Warrant to Stop a[] Transfer," in which he claims Defendants are "forcing" his transfer to another prison in order to retaliate against him for filing a habeas corpus petition in *Anderson v. Foster*, S.D. Cal. Civil Case No. 11cv0661 MMA (DHB).

## I.    Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C.

§ 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $350 filing fee required to commence a civil action, nor has he submitted a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, the action cannot yet proceed. *Id.*

**II.   Conclusion and Order**

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action sua sponte without prejudice for failing to pay the $350 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2) **GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is filed to: (a) prepay the entire $350 civil filing fee in full; *or* (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b).[1]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $350 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within that time, this action shall remain dismissed without prejudice and without further Order of the Court.

**IT IS SO ORDERED**.

DATED: January 25, 2013

Hon. Michael M. Anello
United States District Judge

---

[1] Plaintiff is cautioned that if he intends to further prosecute a civil action in this Court either by paying the full filing fee required by 28 U.S.C. § 1914(a), or moving to proceed IFP, the document he has filed will be construed as a Complaint, and will be screened and may be dismissed sua sponte and regardless of his fee status if the Court finds it frivolous or malicious, if it fails to state a claim, or if he seeks monetary relief from a defendant who is immune pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing sua sponte screening required by 28 U.S.C. § 1915A(b) of all prisoner complaints).