1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

8
9
10
11

CORNELIUS ANDERSON,
CDCR #T-71542,

12

Plaintiff,

13

14

15

vs.

16

17

18

CALIPATRIA UCC CLASSIFICATION;
CAPT. WITMAN; WARDEN JANA,

19

20

Defendants.

21

22

Case No.      13cv0117 MMA (WVG)

**ORDER:**

**(1)  DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g);**

**[Doc. No. 3]**

**(2)  DENYING MOTION FOR APPOINTMENT OF COUNSEL AS MOOT; and,**

**[Doc. No. 4]**

**(3)  DISMISSING CASE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**

23

24

    Plaintiff, Cornelius Anderson, a state prisoner currently incarcerated at Calipatria State

25

Prison, and proceeding pro se, has filed this civil rights action.  Plaintiff did not prepay the civil

26

filing fee required by 28 U.S.C. § 1914(a) at the time he filed his Complaint; instead, he

27

submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF

28

No. 3], as well as a Motion for Appointment of Counsel [ECF No. 4].

13cv0117 MMA (WVG)

1  **I.  PLAINTIFF'S MOTION TO PROCEED IFP**

2  "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County*

3  *Sheriff's Office*, 657 F.3d 890, 892  (9th Cir. 2011).  "Prisoners," like Plaintiff, however, "face

4  an additional hurdle." *Id.*  In addition to requiring prisoners to "pay the full amount of a filing

5  fee," in installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act

6  ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

7  . . . if [a] prisoner has, on 3 or more prior occasions, while
incarcerated or detained in any facility, brought an action or appeal
8  in a court of the United States that was dismissed on the grounds
that it is frivolous, malicious, or fails to state a claim upon which
9  relief can be granted, unless the prisoner is under imminent danger
of serious physical injury.

10  28 U.S.C. § 1915(g).  "This subdivision is commonly known as the 'three strikes' provision."

11  *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

12  "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.;*

13  *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*")

14  (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be

15  barred from IFP status under the three strikes rule[.]").  The objective of the PLRA is to further

16  "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v.*

17  *Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).  "[S]ection 1915(g)'s cap on prior dismissed

18  claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

19  "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were

20  dismissed on the ground that they were frivolous, malicious, or failed to state a claim,"

21  *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles

22  such dismissal as a denial of the prisoner's application to file the action without prepayment of

23  the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).  Once a prisoner has

24  accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP

25  action in federal court unless he can show he is facing "imminent danger of serious physical

26  injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception

27  for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent

28  danger of serious physical injury' at the time of filing.").

**II.     APPLICATION TO PLAINTIFF**

As an initial matter, the Court has carefully reviewed Plaintiff's pleading and has ascertained that it contains no "plausible allegation" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  This Court takes judicial notice that Plaintiff has had three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1)     *Anderson v. Kinneer, et al.*, Civil Case No. 95-4401 (C.D. Cal. July 6, 1995) (Order denying *in forma pauperis* status because Plaintiff failed to state a claim against the named defendants) (strike one);

2)     *Anderson v. Harway, et al.*, Civil Case No. 98-2364 (C.D. Cal. April 28, 1998) (Order denying *in forma pauperis* status because Plaintiff failed to state a claim and four prior actions of Plaintiff's had been dismissed for failing to state a claim) (strike two);

3)     *Anderson v. Montes, et al.*, Civil Case No. 09-7465 (C.D. Cal. Oct. 15, 2009) (Order denying *in forma pauperis* status followed by Ninth Circuit Order on Appeal denying *in forma pauperis* on appeal because the proposed appeal was not taken in good faith, was frivolous, without merit and did not present a substantial question) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the

1  privilege of proceeding IFP in this action.  *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169

2  F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing

3  the courts; it only precludes prisoners with a history of abusing the legal system from

4  continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221,

5  1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not

6  right.").

7  **III**.  **CONCLUSION AND ORDER**

8      For the reasons set forth above, the Court hereby:

9      (1)  **DENIES** Plaintiff's Motion to Proceed IFP (ECF Doc. No. 3) as barred by 28

10  U.S.C. § 1915(g);

11      (2)  **DENIES** Plaintiff's Motion to Appoint Counsel (ECF Doc. No. 4) as moot;

12      (3)  **DISMISSES** this action sua sponte without prejudice for failing to prepay the

13  $350 filing fee pursuant to 28 U.S.C. § 1914(a); and,[1]

14      (4)  **CERTIFIES** that an IFP appeal from this Order would also be frivolous and

15  therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United*

16  *States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977)

17  (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

18      The Clerk shall close the file.

19      **IT IS SO ORDERED.**

20  DATED:  March 18, 2013

21  

22  Hon. Michael M. Anello
United States District Judge

23  

24  

25      [1] If Plaintiff wishes to pursue his claims, he must commence a new and separate civil action by filing a complaint pursuant to FED.R.CIV.P. 3 which is accompanied by the $350 filing fee required by 28 U.S.C. § 1914(a).  Plaintiff is further cautioned that because he is not eligible to proceed IFP, he is

26  also not entitled to the U.S. Marshal service authorized by 28 U.S.C.§ 1915(d) and FED.R.CIV.P. 4(c)(3). Finally, because Plaintiff is a prisoner, any complaint he files will be subject to the screening required

27  by 28 U.S.C. § 1915A(a) and dismissed sua sponte if it is found frivolous or malicious, if it fails to state a claim, or if it seeks monetary relief from a defendant who is immune, regardless of whether he has

28  paid the full filing fee.  *See Rhodes v. Robinson*,621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b) screening requirements).